# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GARY SOLOMON,

    Plaintiff,

v.

COLLEGE OF SOUTHERN NEVADA, *et al.*,

    Defendants.

Case No. 2:14-cv-00020-JCM-CWH

**ORDER**

**ORDER**

Presently before the court is pro se plaintiff Gary Solomon's motion for a temporary restraining order against defendants College of Southern Nevada, Michael Richards, Kevin Page, Rick Trachok, Andrea Anderson, Robert Blakely, Cedric Crear, Mark Doubrava, Jason Geddes, Ron Knecht, James, Leavitt, Kevin Melcher, Jack Schofield, Allison Stephens, Michael Wixom, Imelda De La Torre, Tina Holcomb, Martha Dominguez, and "Board of Regents" ("defendants"). (Doc. # 1).

In his motion, plaintiff alleges that defendants have formed a plan to end the College of Southern Nevada's "late registration" policy. Plaintiff claims that on January 21, 2014, respondents plan to "direct employees of the College of Southern Nevada to deny, in person, by phone, or

electronically, the petitioner, hundreds of qualified taxpaying students and taxpaying families of their [c]onstitutional right and liberty to register and take classes at any of the public, non-private College of Southern Nevada campuses and distance education on-line classes, irrespective of the fact that petitioner can pay for petitioner's class(es) and that, in fact, petitioner has first hand knowledge that classroom space is available." *Id.* at 3:8-14.

Plaintiff alleges that the elimination of the late-registration policy will cause the "[i]rreparable harm of educational interruption, financial harm, and personal detriment through designed discrimination and racial profiling." *Id.* at 3:15-16.

The court is unable to grant plaintiff's motion at this time, as plaintiff has failed to file a complaint against defendants. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Additionally, plaintiff claims generally that the alleged harm will be suffered by "petitioner, hundreds of qualified taxpaying students and taxpaying families" without identifying how he will individually suffer concrete harm from this policy. Without an allegation that the policy will cause an imminent injury to plaintiff individually, plaintiff cannot have standing to sue in this court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 574 (1992) ("The party who invokes the power [of judicial review] must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally").

DATED: January 7, 2014

_____
UNITED STATES DISTRICT JUDGE

2